PENNSYLVANIA STEEL CO. et al. v. NEW YORK CITY RY. CO. et al.

(Circuit Court, S. D. New York. December 13, 1907.)

STREET RAILROADS—RECEIVERS—NECESSITY FOR SEPARATE RECEIVERSHIPS.

 Where receivers for a system of street railroad lines leased from different owners have been appointed in a suit against an insolvent lessee, to which suit the various lessor companies or their stockholders have, or may, become parties, the fact that there may be a conflict of interests as to the distribution or application of the earnings of the receivership does not require nor warrant the appointment of separate receivers to operate the property of the several lessors.

See 158 Fed. 460.

Byrne & Cutcheon, for complainant.
James L. Quackenbush, for defendant New York City Ry. Co.
J. Parker Kirlin, for defendant Metropolitan St. Ry. Co.
Arthur H. Masten, for receivers.

LACOMBE, Circuit Judge. In a memorandum filed in this suit on October 8, 1907, it was said:

"For the present, therefore, the receivers will continue to pay such rentals and mortgage interest (on leased lines). This will not include the rental to the Third Avenue Railroad which will fall due the last of this month. A clause in the lease by that road provides that default in the payment of any installment of that rental cannot be availed of for six months. Long before that time sufficient information can be gathered (and made public) by the receivers to give such enlightenment as to the whole situation as will enable the court to deal understandingly with all questions as to payment of all these items of rent and mortgage interest. Before default is made, * * * petition will be filed setting forth all the facts bearing on the question and asking instructions, and a day will be fixed on which not only the parties to the suit, but all in any way interested (including the Public Service Commission as representative of the traveling public), will be heard as to the most equitable and wisest course to pursue."

The receivers were also directed forthwith to "employ an accountant of the highest standing to make an investigation of the books and papers," etc.

It appears that the accountant has made an investigation as to the operation of the Third Avenue Railroad under the lease, and has reported thereon to the receivers. On January 1st next two further installments will fall due under the Third avenue lease, in the shape of interest on Third avenue mortgage bonds; and as to these installments the lease gives no extension of payment. They must be paid when due, or the contract of lease is broken. The amount of such mortgage interest is $125,000 on first mortgage bonds, and $751,200 on first consolidated mortgage bonds.

The receivers have filed a petition setting forth the facts and figures bearing on the question thus presented, and asking instructions. The same has been printed, and copies will be furnished to representatives of persons who expect to be heard thereon; Thursday December 19th, at 12 o'clock noon (room 124) is set for the hearing. The receivers will give notice to all parties to this suit and to the foreclosure suit, also to the trustees under the Third avenue mortgages, and to any committees or associations of bondholders thereunder, also to the board of directors of the Third Avenue Railroad, and to any committees or associations of stockholders of such railroad. Also to any committees or associations of stockholders of the Metropolitan Street Railway Company, and to any such stockholders as may have applied to intervene. And they will also advise the Public Service Commission of such hearing, and furnish that board with copies of the petition. In addition to those above enumerated the court will hear the representative of any one who has filed a claim before the special master against either the New York City Railway Company or the Metropolitan Street Railway Company.